IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Luis A. Pedraza-Melendez**<br>*Plaintiff*<br>*v.*<br>**ETHICON, LLC aka ETHICON ENDO-SURGERY, LLC dba Johnson & Johnson**<br>*Defendant* | CIVIL ACTION<br>Case No. 3:21-cv-1249<br><br>Employment Discrimination<br>• GENDER/SEX<br>• Wrongful Termination<br>*Demand for Jury Trial* |

## **COMPLAINT**

### INTRODUCTION

1.  The plaintiff, *Luis A. Pedraza-Melendez,* brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 (as amended), to remedy acts of employment discrimination perpetrated against him. Plaintiff contends unlawful acts of discrimination because of his *gender* were perpetrated against him by defendant *ETHICON, LLC aka ETHICON ENDO-SURGERY, LLC dba Johnson & Johnson* (hereinafter "Defendant"), which led to his *wrongful termination of employment* on March 9, 2020, with a pretextual excuse.

2.  The plaintiff was subjected to workplace discrimination because of his *gender*. Specifically, the plaintiff was treated less favorably (i.e., differently) than similarly situation female employees, the plaintiff was excluded from employment activities, and he was ultimately replaced (e.g., assignments, tasks) by a female employee upon termination.

3.  The plaintiff respectfully asks the Court to find the defendant to have acted in violation of Puerto Rico State and Federal Anti-discrimination Laws, specifically Title VII of the Civil Rights Act of 1964 (as amended), and to award the relief requested below. The defendant violated his civil rights under both Puerto Rico State and Federal and Puerto Rico law. Therefore, plaintiff seeks now, what is fair and just in terms of compensatory and punitive damages, as well as attorney fees incurred in advocating for his 14th amendment right to equal protection of the laws.

## JURISDICTION

4. This Honorable Court has original jurisdiction over the plaintiff's federal claims set forth in this complaint pursuant to 28 U.S.C. §1331 (federal question), and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2, the Civil Rights Act of 1991 P.L. 102-166; 105 Stat 1071, and the Court may also exercise supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. §1367 (a) because those claims arise from the same nucleus of operative facts as the plaintiff's federal claims.

5. The venue properly lies before this Court under 28 U.S.C. §1391(b) and 42 U.S.C. Section 2000e-5(f) (3), as the plaintiff was employed in Puerto Rico. The plaintiff is a resident of the Commonwealth of Puerto Rico and the acts and/or omissions giving rise to the plaintiff's claim have occurred in this district. A substantial part of the events giving rise to this suit arose on the defendant's premises of business, located in the Commonwealth of Puerto Rico. Accordingly, under 29 U.S.C. §1391 (b) (2), the venue correctly lies within this judicial district.

6. Prior to filing this lawsuit, the plaintiff had appropriately filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), where he charged the defendant with discrimination based on gender/sex. The charge placed defendant on notice of claims under Federal employment statutes. He received a Notice of Right to Sue, dated March 8, 2021.

## PARTIES

9. The plaintiff, *Luis A. Pedraza-Melendez* (hereinafter, "plaintiff"), is a citizen of Puerto Rico and at all relevant times was employed by defendant in the Commonwealth of Puerto Rico. At all times relevant, he was assigned to work as a Process Quality Leader at the defendant's Business Facility in San Lorenzo, Puerto Rico. He **began** to **work** for defendant on **March 7, 2015**. At all relevant times he worked under the direct supervision of Manager and Responsible Management Official (RMO), *Ivonne Garcia*. The plaintiff resides in the judicial District of Puerto Rico. The plaintiff's mailing address is Urb. Mansiones de Villanova, C 1-18 Calle A, San Juan, Puerto Rico 00926, with telephone number (787) 316-2123. The plaintiff was **wrongfully**

**terminated** from employment by defendant on **March 9, 2020**, without written notice or institutional due process.

7. Defendant, ETHICON, LLC aka ETHICON ENDO-SURGERY, LLC dba Johnson & Johnson ("Defendant") is a *for-profit* limited liability company registered with the Puerto Rico Department of State, registration no. 94 and 393529, respectively. Its registered resident agent is CT Corporations System, with designated office address: Angora Industrial Park, Bldg. G Bairoa, Caguas, Puerto Rico 00725. The resident agent's designated office address is 475 Street C Los Frailes Industrial Park, Suite 401, Guaynabo, Puerto Rico 009696. At all relevant times, the plaintiff was supervised by defendant and worked at defendant's facilities. Defendant is vicariously liable for the plaintiff's supervisors' unlawful actions and omissions. Further, the defendant has received and/or receives federal funding, therefore is subject to anti-discrimination laws under Title VI, VII of the Civil Rights Act of 1964

10. The plaintiff reserves the right to amend this Complaint, if necessary, to include other employer's supervisors and/or entities that could be held vicariously liable for the defendant's actions.

11. The defendants are employees, agents, supervisory personnel and were, at all times material to this Complaint, acting in the course and scope of employment. Defendants participated in and/or directed the unlawful violations alleged herein or knew of the violations and failed to act to prevent. All individual defendants are jointly liable for monetary damages alleged herein.

### FACTUAL ALLEGATIONS

12. The plaintiff, *Luis A Pedraza-Melendez,* began to work for the defendant, Johnson & Johnson, on March 7, 2015. While working at the defendant's San Lorenzo Facility, he achieved the position of Process Quality Leader of the Biosurgery Unit. Importantly, the <u>plaintiff was the *only* male employee working in said Biosurgery Unit at the time of termination, similarly situated Xamayra and plaintiff, were the only middle managers reporting to Ivonne.</u>.

13. The plaintiff worked for the defendant from March 7, 2015, until his unlawful termination of employment on March 9, 2020—a period of five (5) years. The plaintiff did not receive written notice of termination and he was terminated with a pretextual excuse. Throughout his employment he always met employer's *objective* work expectations as documented in his work evaluations. The plaintiff had no recurring disciplinary and/or performance issues. By January 2019, he was the only male employee working in the BioSurgery Unit and had been reporting to a BioSurgery Unit manager, when a new female supervisor, Ivonne Garcia, took over.

14. Shortly after Ivonne Garcia became supervisor of the defendant's Biosurgery Unit, she informally renamed the unit's Chat from WhatsApp where only females participated to "Las Nenas de BioSurgery" (English translation: *The BioSurgery Girls*). Shortly thereafter, Ivonne Garcia used this online chat group for employment related communications within the BioSurgery Unit. The online chat group was also named, *The BioSurgery Girls*. Notably, Ivonne Garcia publicly excluded the plaintiff from the employment-related communication platform that she had purposely created, on the premise that the plaintiff is not "una nena" (i.e., he was excluded from *The BioSurgery Girls* employment chat platform*,* because he is *not a girl*).

15. The evident gender-based discriminatory exclusion from *The BioSurgery Girls* employment chat platform resulted in a hostile work environment. The plaintiff was denied equal opportunity access to daily employment communications amongst his female co-workers and/or access to employment instructions from his female supervisor, when said communications were essential/necessary for the entire Biosurgery Unit's function/productivity.

16. Supervisor, Ivonne Garcia, engaged in further selective and malicious prosecution of the plaintiff. Specifically, in June 2019, she used the unlawful exclusion of the plaintiff from daily employment communications to fabricate a timeline to terminate the plaintiff by placing him on an **unjustified** *personal improvement plan ("PIP")* and subsequently terminating the plaintiff for presumably failing the **unjustified** *personal improvement plan*.

17. During the four (4) years of employment, previous to Ivonne Garcia becoming supervisor, the plaintiff had no known performance issues, nor plaintiff was subjected to disparate treatment or adverse actions. While working under previous supervisor Ameiris Alvarez, there were no known performance issues, nor plaintiff was subjected to disparate treatment or adverse actions.

18. However, in **June 2019**, shortly after Ivonne Garcia became the plaintiff's supervisor and declared Johnson & Johnson's Biosurgery Unit as, *The BioSurgery Girls* Unit, **Ivonne Garcia unjustly placed the only male employee—the plaintiff—in a *personal improvement plan***. Ivonne Garcia then abused her power as supervisor to subjectively (i.e., unjustly) extend the personal improvement plan thru to the plaintiff's unlawful termination in **March 2020**.

19. Supervisor Garcia never gave the plaintiff any evaluation prior to the PIP; the plaintiff's employment record is devoid of any recurring performance issues, prior to the unjustified PIP given to the plaintiff by Ivonne Garcia.

20. Responsible management official Garcia used subjective/non-objective criteria to place and unjustly continue subjecting plaintiff under a personal improvement plan, all the way thru to his wrongful termination of employment. Despite total absence of any prior documented recurring performance issues. Said PIP was a fabricated pretextual excuse to terminate his employment and exclude the plaintiff from work in defendant's Biosurgery Unit, because of his gender/sex.

21. At no time, was the plaintiff provided with the equal opportunity for due process or did he receive any objective or written explanations for terminating his employment.

22. Defendant failed to follow employee manual policies and procedures to justify PIP.

23. Importantly, the plaintiff was terminated on March 9, 2020, just four (4) days before he was to become eligible for retirement with his employer. Therefore, the timing of **the plaintiff's**

**unlawful termination has resulted in the loss of his potential earnings during retirement**. Based on calendar, plaintiff worked required five years, yet plaintiff was excluded from retirement.

24.     The plaintiff was subjected to wrongful termination of employment, prior to reaching the extended end date of his personal improvement plan. Based on information and belief, the plaintiff's termination was conveniently "rushed" so that he would not be eligible for retirement benefits from defendant.

25.     PIP given by Ivonne Garcia to the plaintiff, was not intended to help plaintiff improve performance, but to fabricate a pretextual excuse to exclude him from his employment. Plaintiff was unjustly subjected to a PIP for a period of nine (9) months, from June 2019 thru March 2020. Despite supervisor never giving him prior written warning or performance deficiency notification, to justify placement in a personal improvement plan in June 2019. Defendant placed female employee Laura Isa Rodriguez to replace plaintiff, upon his wrongful termination of employment.

26.     Supervisor, Ivonne Garcia's discriminatory persecution of the plaintiff also included differential treatment, such as more lenient treatment towards female employees including, Xamayra Arecelay. When *female* employee, Xamayra Arcelay, did not fulfill performance requirements on time, responsible management official, Ivonne Garcia **did not** undertake any disciplinary action and she **did not** place *female* employee, Xamayra Arcelay on a personal improvement plan (i.e., differential treatment).

27.     Further, when Ivonne Garcia unlawfully terminated the plaintiff on March 9, 2020, she conveniently positioned a similarly situated *female* employee, Laura Isa Rodriguez, to perform his tasks.

28.     Based on information and belief, female employee Xamayra Arecelay was granted access to *The BioSurgery Girls* daily employment chat platform, that had been denied to the plaintiff for no reason other than him not being a *girl*. He was never invited to participate in this employment related communication chat group used by his supervisor.

29. Responsible management official, Ivonne Garcia, created a hostile work environment, treated plaintiff differently because of his gender, leading up to his unlawful termination with a pretextual excuse. As the only male employee in that work unit, he was excluded from employment-related communications and thru his unlawful termination. This is a violation of Title VII, and Puerto Rico Act 100.

30. At all relevant times, the plaintiff was qualified for his position and defendant had the need for his services. Shortly after plaintiff's unlawful termination of employment, a similarly situated female employee was assigned to take on matters previously handled by the plaintiff.

31. The employer's alleged reason for his termination of employment was a *pretext* for gender discrimination. Defendant had the need for his services yet treated him less favorably because of his gender. Plaintiff suffered willful sex-based/gender discrimination in the workplace because he was treated unfavorably by the employer. Defendant broke the law by allowing a similarly situated female employee to continue working and take on tasks and matters assigned to plaintiff. Plaintiff had worked longer and had greater experience, yet he was not treated equally.

32. Plaintiff asks for reinstatement with equal opportunity inclusion in The BioSurgery Girls employment communication platform, back pay, compensatory and punitive damages.

## Administrative Exhaustion

33. Plaintiff filed an EEOC Complaint charging defendant with gender discrimination. The EEOC issued a Notice of Right to Sue, and the Plaintiff has filed this civil action within 90 days of his receipt of Agency's notice. Accordingly, plaintiff has exhausted administrative remedies pursuant to 42 U.S.C. §2000e-5 and this Complaint is properly filed. The Plaintiff comes before this Court to seek what is deemed to be fair and just, thru reasonable compensation for his economic damages as a result of his employer's unlawful work practices and wrongful termination.

## CAUSES OF ACTIONS

### COUNT I: Gender Discrimination/Violation of Title VII of the Civil Right Act

34. The foregoing paragraphs are realleged and incorporated by reference herein.

7

35. Defendants' conduct as alleged at length herein constitutes discrimination based on *gender* in violation of Title VII. The stated reason for defendant's actions were not the true reasons, but instead were *pretext* to hide defendant's discriminatory *animus*.

36. Defendant's conduct constitutes a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. Title VII prohibits employers from discriminating against an employee on the basis of gender and also prohibits retaliation against an employee who asserts his rights under the law.  Title VII also prohibits workplace disciplinary practices that may have a *disproportionate* impact on a protected group of people. Defendant's conduct violates statutory prohibition of employment retaliation. 29 USCA §215 (a) (3).

37. Defendant excluded plaintiff from workplace because of his gender with a pretext.

### COUNT II: Violation of the Civil Rights Act of 1991
### (42 U.S.C.A. §1981 et. seq.)

38. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

39. The Civil Right Acts of 1991, under Section 1977A, (42 U.S.C. 1982a) allows the plaintiff to recover damages in cases of intentional discrimination in employment, in an action brought under the Civil Right Act of 1964 (42 U.S.C. 2000e) section (b) allows for punitive damages, and (c) for the right to jury trial. Plaintiff was subjected to unlawful work practices prohibited by the Civil Rights Act of 1964, and therefore, entitled to recover damages as well, under the Civil Rights Act of 1991.

40. Plaintiff was involuntary excluded from workplace because of his gender (male), by female responsible management official, while similarly situated females were allowed to work and were treated more lenient. Defendant's reason for adverse employment action is a *pretext* to conceal employer's *animus* to engage in discrimination to exclude this male employee from work.

41. Defendants are jointly and severally liable.

### COUNT III: Violation of Commonwealth of Puerto Rico Laws

42. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

### Gender Discrimination

43. Puerto Rico's Act No. 100, approved on June 30, 1959, as amended, is Puerto Rico's Employment Anti-Discrimination Act ("Ley Contra el Discrimen en el Empleo"). It prohibits discrimination by the employer based on an employee's *gender*. 29 L.P.R.A. §146. Specifically, it prohibits employers from taking adverse action against an employee because of his sex, with regards to the terms and conditions of employment, refusing to keep or reincorporate employee into a job, willful deprivation of employment and/or taking adverse actions that negatively affect employment status. It also creates a *presumption*.

### Wrongful Termination

44. The foregoing paragraphs are realleged and incorporated by reference herein.

45. The defendant's conduct as alleged at length herein constitute wrongful termination of plaintiff's employment. In the absence of a *justifiable cause*, the stated reasons for defendant's conduct were not the true reasons, but instead *pretext* to hide defendant's discriminatory *animus* to remove the plaintiff because of his gender.

46. Puerto Rico's Act No. 80, approved on May 30, 1976, as amended, prohibits employer's wrongful termination without *just cause* in the Commonwealth of Puerto Rico. 29 L.P.R.A. §185a. The employer sought to eliminate the plaintiff. In addition, the alleged misconduct fails to meet the justified standard by the law, which is *repeated* misconduct or a *pattern* of misconduct which demonstrates disregard for company policies, and Courts have upheld that a single event, absent grave consequence, should not trigger termination. Defendant assigned a female employee to replace the plaintiff and perform his functions, shortly after his termination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court declares that Defendant's conduct was illegal and in violation of legal statutes herein identified, and that it grants Plaintiff the following remedies:

A. That this Honorable Court issues a Declaratory Judgment declaring that Defendant's actions and/or omissions violate applicable law.
B. That this Honorable Court award Plaintiff all loss benefits, and other equitable relief.
C. That this Honorable Court enjoins Defendant from engaging in additional discrimination and retaliation against the Plaintiff.
D. That this Honorable Court award **compensatory and general damages** in the amount of **$1,000,000.00** against all Defendants sued in their individual and/or representative capacities, for the Plaintiff, or an amount to be determined according to proof during the trial, as provided by laws of the United States and the Commonwealth.
E. That this Honorable Court award exemplary and **punitive damages** in the amount of **$4,000,000.00** against all Defendants sued in their individual and/or representative capacities, or an amount to be determined at trial, in light of Defendant's willful, wanton, and malicious acts with conscious disregard and indifference to his rights.
F. That this Honorable Court award Plaintiff his costs, expenses, and attorney's fees.
G. Pre-judgment interest; and as indicated above, the Plaintiff seeks *compensatory* damages, *statutory* damages, *punitive* damages, *injunctive relieve* and any other relief this Court deems equitable, just and appropriate.

## JURY DEMAND

Plaintiff respectfully requests a *jury trial* on all issues triable to a jury.

In San Juan, Puerto Rico, on this 1st. Day of June 2021.

    Respectfully submitted,

    /S/ Humberto Cobo-Estrella
    Humberto Cobo-Estrella, Esq.
    **USDC-PR230108**
    PO Box 366451
    San Juan, Puerto Rico 00936-6451
    Tel. (787) 529-7140
    Email: hcobo@hcounsel.com

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading will be served upon all parties for whom counsel has not yet entered an appearance electronically.

/S/ Humberto Cobo-Estrella, Esq.
*Attorney for the Plaintiff*
